UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. -CIV-

Altemise Yacinthe,

   Plaintiff,

v.

Pacifica Senior Living LLC.,
a Delaware Company and Deepak Israni,
an individual.

   Defendants.

_____/

## COMPLAINT

Plaintiff, Altemise Yacinthe, (hereinafter Plaintiff) by and through her undersigned attorney, and hereby sues Defendants, Pacifica Senior Living LLC., a Delaware company that is doing business in Florida, and Deepak Israni, individually (collectively, the "Defendants") as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs, and attorney's fees for willful violations of overtime wages under the laws of the United States, the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

## PARTIES

2. The Plaintiff, Altemise Yacinthe is an adult female who presently resides in Broward County, Florida.

3. Defendant, Pacifica Senior Living LLC., a privately owned Delaware company, did at all times materially, conduct substantial and continuous business in the Southern District of Florida. Pacifica Senior Living LLC. is located at 5500 Northwest 69th Street, Lauderhill, Florida 33319.

4. Defendant, Deepak Israni owned, managed, and/or operated Pacifica Senior Living LLC., regularly exercised the authority to hire and fire employees, determine work schedules of employees, set the rate of pay for employees, and controls the finances and operations of Pacifica Senior Living LLC.

5. The Defendants are an enterprise engaged in an industry affecting interstate commerce, are "employer[s]" as defined by 29 U.S.C. § 203(d) and s(1), in that they have employees engaged in interstate commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

6. Based upon information and belief, the annual gross sales volume of the Defendants' entity was in excess of $500,000.00 per annum at all times material hereto.

7. At all times material hereto, the Plaintiff is and continues to be a resident of Broward County, Florida and was an "employee" of the Defendants within the meaning of the FLSA.

8. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by the Defendants.

9. At all times material hereto, the Defendants are and continue to be an "employer" within the meaning of the FLSA.

10. At all times material, during the Plaintiff's employment with the Defendants, the Defendants were engaged in interstate commerce or in the production of goods for commerce. The Defendants continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

## JURISDICTION AND VENUE

11. This Court has original subject matter jurisdiction over this suit pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

12. Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C § 1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district and payment was due in Broward County.

## FACTUAL ALLEGATIONS

13. On or about March 19, 2020, the Plaintiff was hired by Pacifica Senior Living LLC. as a Certified Nursing Assistant.

14. The Plaintiff should have been paid on an hourly, non-exempt rate during the entire course of her employment with the Defendants.

15. In many weeks, the Plaintiff worked in excess of forty (40) hours per week but was not paid at the rate of time-and-one-half her regular hourly rate. Therefore, the Defendants failed to pay the Plaintiff an overtime rate when working in excess of forty (40) hours a week.

16. The Plaintiff was paid at a rate of $11.00 per hour and worked approximately four hundred (400) overtime hours during the period from March 19, 2020, to October 26, 2020.

17. The Plaintiff is still owed for her overtime work completed from March 19, 2020, to October 26, 2020.

18. The evidence provided to the undersigned makes it clear that the Plaintiff is owned approximately $1,056.00 in unpaid overtime wages by the Defendants.

19. Employers are required to keep records of hours worked each day and each work week. Failure to keep such records is wrongful. Therefore, we make the presumption that the Defendants have these records showing the hours worked by the Plaintiff for the duration of her employment with the Defendants.

20. The Plaintiff made multiple requests about the payment for one and one-half times of her regular working hour rate to Pacific Senior Living LLC. because she was not being paid overtime.

21. On or about October 26, 2020, the Plaintiff was wrongly discharge from Pacifica Senior Living LLC without good cause.

## COUNT I
### Violation of 29 U.S.C. § 207 (Unpaid Overtime)
*(Against Pacifica Senior Living LLC.)*

22. The Plaintiff re-alleges and reincorporates paragraphs 1-21 as fully alleged therein.

23. As of March 26, 2020, in addition to the Plaintiff's normal, regular work week, the Plaintiff worked additional hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

24. The Plaintiff was entitled to be paid at the rate of time and one-half for the hours worked in excess of the maximum hours provided for in the FLSA.

25. Pacifica Senior Living LLC. failed to pay the Plaintiff's overtime compensation in the lawful amount for hours worked by the Plaintiff in excess of the maximum hours provided for in the FLSA.

26. At all times, Pacifica Senior Living LLC. willfully employed the Plaintiff for many work weeks longer than forty (40) hours and failed and refused to compensate the Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rate at which he was employed.

27. As a result of the unlawful acts of Pacifica Senior Living LLC., the Plaintiff has been deprived of wages in amounts to be determined and is entitled to recovery of liquidated damages in the same amount, plus reasonable attorneys' fees and costs.

28. Pacifica Senior Living LLC. remains owing the Plaintiff overtime wages, and the Plaintiff is entitled to recover double damages pursuant to the FLSA.

29. Records, if any, concerning the number of hours worked by the Plaintiff and the actual compensation paid to him are in the possession and custody of Pacifica Senior Living LLC.

30. Pacifica Senior Living LLC. knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate the Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

31. Pacifica Senior Living LLC. failed to properly disclose or apprise the Plaintiff of her rights under the FLSA.

32. As a direct and proximate result of Pacifica Senior Living LLC's willful disregard of the FLSA, the Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

33. The Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff, Altemise Yacinthe respectfully request that judgment be entered in her favor against Defendant, Pacifica Senior Living LLC.:

   a. Declaring that Pacifica Senior Living LLC. has violated the maximum hour provisions of 29 U.S.C. § 207;
   b. Awarding the Plaintiff overtime compensation in the amount calculated;
   c. Awarding the Plaintiff liquidated damages in the amount calculated;
   d. Awarding the Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);
   e. Awarding the Plaintiff post-judgment interest; and
   f. Ordering any other and further relief this Court deems to be just.

## COUNT II
### Violation of 29 U.S.C. § 207 (Unpaid Overtime)
*(Against Deepak Israni)*

34. Plaintiff, Altemise Yacinthe re-alleges and reincorporates paragraphs 1-21 as fully alleged therein.

35. As of March 2016, in addition to the Plaintiff's normal, regular work week, the Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

36. The Plaintiff was entitled to be paid at the rate of time and one-half for the hours worked in excess of the maximum hours provided for in the FLSA.

37. Deepak Israni failed to pay the Plaintiff's overtime compensation in the lawful amount for hours worked by the Plaintiff in excess of the maximum hours provided for in the FLSA.

38. At all times, Deepak Israni willfully employed the Plaintiff for many work weeks longer than forty (40) hours and failed and refused to compensate the Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rate at which he was employed.

39. As a result of the unlawful acts of Deepak Israni, the Plaintiff has been deprived of wages in amounts to be determined and is entitled to recovery of liquidated damages in the same amount, plus reasonable attorneys' fees and costs.

40. Deepak Israni remains owing the Plaintiff overtime wages, and Deepak Israni is entitled to recover double damages pursuant to the FLSA.

41. Records, if any, concerning the number of hours worked by the Plaintiff and the actual compensation paid to him are in the possession and custody of Deepak Israni. Deepak Israni knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate the Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when he knew or should have known such was due.

42. Deepak Israni failed to properly disclose or apprise the Plaintiff of her rights under the FLSA.

43. As a direct and proximate result of Deepak Israni's willful disregard of the FLSA, the Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

44. The Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff, Altemise Yacinthe respectfully request that judgment be entered in her favor against Defendant, Deepak Israni:

  g. Declaring that Deepak Israni has violated the maximum hour provisions of 29 U.S.C. § 207;

  h. Awarding the Plaintiff overtime compensation in the amount calculated;

  i. Awarding the Plaintiff liquidated damages in the amount calculated;

  j. Awarding the Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

  k. Awarding the Plaintiff post-judgment interest; and

  l. Ordering any other and further relief this Court deems to be just.

### COUNT III
**Violation of 29 U.S.C. § 215(a)(3) (FLSA Retaliation)**
*(Against Pacifica Senior Living LLC.)*

45. Plaintiff, Altemise Yacinthe re-alleges and reincorporates paragraphs 1-21 as fully alleged therein.

46. On or about October 26, 2020, the Plaintiff's position was wrongly terminated without good cause after the Plaintiff complained multiple times to Pacifica Senior Living LLC. about unpaid overtime hours.

47. The motivating factor that caused the Plaintiff's adverse employment action was her complaint regarding not being properly paid for all hours worked. In other words, the Plaintiff's termination would not have been but for her complaints to Pacifica Senior Living LLC. for overtime wages.

48. Pacifica Senior Living LLC.'s conduct was in direct violation of 29 U.S.C. § 215(a)(3), and, as a direct result, the Plaintiff has suffered damages including lost income and benefits, plus incurring costs and reasonable attorney's fees as provided for by the Act.

## COUNT IV
### Violation of 29 U.S.C. § 215(a)(3) (FLSA Retaliation)
### (*Against Deepak Israni*)

49. Plaintiff, Altemise Yacinthe re-alleges and reincorporates paragraphs 1-21 as fully alleged therein.

50. On or about October 26, 2020, the Plaintiff's position was wrongly terminated without good cause after the Plaintiff complained multiple times to Deepak Israni. about unpaid overtime hours.

51. The motivating factor that caused the Plaintiff's adverse employment action was her complaint regarding not being properly paid for all hours worked. In other words, the Plaintiff's termination would not have been but for her complaints to Defendant, Deepak Israni for overtime wages.

52. Deepak Israni's conduct was in direct violation of 29 U.S.C. § 215(a)(3), and, as a direct result, the Plaintiff has suffered damages including lost income and benefits, plus incurring costs and reasonable attorney's fees as provided for by the Act.

**WHEREFORE,** Plaintiff, Altemise Yacinthe respectfully request that judgment be entered in her favor against the Defendants:

### DEMAND FOR JURY TRIAL

A jury trial is demanded on all issues triable by jury.

Date: October 22, 2020.

Respectfully Submitted,

**GALLARDO LAW OFFICE, P.A.**
*Attorney for the Plaintiff*
8492 SW 8th Street
Miami, Florida  33144
Telephone (305) 261-7000
Facsimile (786) 261-0088

By: /s/ Elvis J. Adan
Elvis J. Adan, Esq.
Florida Bar No. 24223
Email: elvis.adan@gallardolawyers.com