United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Altemise Yacinthe, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-62208-Civ-Scola |
| | ) |
| Pacifica Senior Living LLC, and others, | ) |
| Defendants. | ) |

### Order Denying Joint Motion for Approval of Settlement

This matter is before the Court upon the parties' joint motion for approval of settlement (ECF No. 52.) After careful consideration of the motion, the record, and relevant legal authorities, the motion is **denied without prejudice. (ECF No. 52.)**

The motion indicates that the parties have reached a settlement agreement in this Fair Labor Standards Act ("FLSA") action, and the parties seek dismissal of the case with prejudice. (ECF Nos. 51, 52.) The motion represents that the parties "submit that the proposed settlement is fair and reasonable," "was achieved during extended negotiations of the parties," and was "conducted by experienced counsel." (ECF No. 52 at 1.) The parties attached the proposed settlement agreement as an exhibit to their motion. (ECF No. 52-1.) Although the proposed settlement agreement states the total amount of the proposed settlement payment, neither the motion nor the proposed settlement agreement indicates what break down of the reasonable fees and costs incurred, including attorneys' fees. (*See* ECF No. 52-1 at 2-3.) Accordingly, the Court cannot verify the fairness of the settlement agreement.

The Court begins with the FLSA statute, which states in relevant part as follows:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.... The court in [an action to recover under FLSA] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b). "The language of the statute contemplates that the wronged employee should receive his full wages plus the penalty without incurring any

expense for legal fees or costs." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (internal quotations omitted).

Moreover, as the Eleventh Circuit noted in *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor,* 679 F.2d 1350, 1352 (11th Cir.1982), FLSA provisions are mandatory; the "provisions are not subject to negotiation or bargaining between employer and employee." Only two ways exist for an FLSA settlement or compromise of an employee: (1) where an employee accepts payment supervised by the Secretary of Labor; and (2) where the court enters a stipulated judgment after determining that a settlement proposed by an employer and employees in an FLSA suit is fair and reasonable. *Silva*, 307 F. App'x at 351 (citing *Lynn's Food*, 679 F.2d at 1354)). Here, neither has occurred.

The Court notes that the Eleventh Circuit has not said "what, if any, judicial oversight applies under *Lynn's Food* when full satisfaction of the FLSA claim is made." *Id.* at 351. However, under the circumstances, the Court finds that some oversight is appropriate because the motion does not state the amount of attorney's fees and costs or otherwise attach or provide any supporting documents detailing those fees and costs. Accordingly, the motion is **denied without prejudice (ECF No. 52)** and the parties are instructed to file a renewed motion consistent with this Court's order closing this case.

**Done and ordered** at Miami, Florida, on September 29, 2022.

_____
Robert N. Scola, Jr.
United States District Judge